IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00124-MR-WCM

| | |
|---|---|
| AVEONTAY ARMSTRONG, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 7) and Defendant's Social Security Brief (Doc. 11) which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.  Procedural Background

On March 25, 2021, Plaintiff Aveontay Armstrong ("Plaintiff") filed an application for supplemental security income, alleging disability beginning on May 8, 2020. Transcript of the Administrative Record ("AR") 73-79.

On April 29, 2022, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 7-23. That decision is the Commissioner's final decision for purposes of this action.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "psychosis; paranoid schizophrenia; and schizophrenia." AR 12. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels, but with the following non-exertional limitations. He can never climb ladders, ropes and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. In addition, he is able to understand, carry-out, and remember simple instructions, and make simple work-related decisions. He can occasionally deal with supervisors and co-workers, and can never deal with the public. He can deal with occasional changes in a routine work setting. He will be off task 10% of the workday.

AR 14.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain representative jobs that exist in significant numbers in the national economy – specifically the jobs of "cleaner," "kitchen helper," and "hand packer" – such that Plaintiff was not disabled during the relevant period. AR 18-19.

### III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ failed to explain the basis for his determination that Plaintiff would be off task 10 percent of the workday and did not comply with SSR 00-4p.

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a

3

federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

A. Off Task Limitation

When an ALJ includes an "off task" limitation in an RFC in the form of a percentage, the ALJ should explain how he or she reached that conclusion. See Gragg v. Saul, No. 1:19-cv-00129-RJC, 2020 WL 3259177, at *4 (W.D.N.C. June 16, 2020) (finding that the ALJ "failed to … explain his conclusion that the claimant would be off-task nine percent of the time" and noting that, "in the absence of explanation, the [c]ourt is left to pontificate on where the ALJ came up with the nine-percent figure") (internal quotation marks and brackets omitted); Berry v. Commissioner of Social Security, No. 3:21-cv-00240-RJC, 2022 WL 3354778 at * 4 (W.D.N.C Aug. 12, 2022) (remanding where "the ALJ failed to explain how she arrived at the five percent off task number based on the record evidence" and explaining that "[m]any courts in the Fourth Circuit, including this Court, thus require the ALJ to explain how he or she arrived at

4

the off-task percentage") (collecting cases); see also Greene v. Saul, No. 1:20-CV-96-MR-WCM, 2021 WL 3074422, at *3 (W.D.N.C. June 17, 2021), *report and recommendation adopted*, No. 1:20-CV-00096-MR-WCM, 2021 WL 3072461 (W.D.N.C. July 20, 2021).

Here, the ALJ found that Plaintiff would be off task up to 10% of the workday, AR 21, but did not explain how he arrived at that percentage of off task behavior.

The undersigned will recommend remand on this basis.

### B. The Jobs Relied Upon By the ALJ

An ALJ must "ascertain whether [the] jobs [that a claimant can perform] 'exist[ ] in significant numbers in the national economy.'" Biestek v. Berryhill, ––– U.S. –––, 139 S.Ct. 1148, 1152, 203 L.Ed.2d 504 (2019) (quoting 20 C.F.R. §§ 404.1560(c)(1) & 416.960(c)(1)).

In this case, the ALJ relied on information provided by a vocational expert, who testified that an individual with Plaintiff's age, education, work experience, and RFC could perform the following representative occupations:

> (1) Cleaner (D.O.T. 381.687-018), SVP 2, which is classified at the medium exertional level and is unskilled with an estimated 16,000 jobs in the national economy.
>
> (2) Kitchen Helper (D.O.T. 318.687-010), SVP 2, which is classified at the medium exertional level and is unskilled with an estimated 45,000 jobs in the national economy.

> (3) Hand Packer (D.O.T. 920.587-018), SVP 2, which is classified at the medium exertional level and is unskilled with an estimated 77,000 jobs in the national economy

AR 18.

With respect to the job of "cleaner," the ALJ found that "the climbing requirements with regard to ladders, ropes, and scaffolds exceeded those of the claimant's residual functional capacity." AR 19. The ALJ also noted "that the Dictionary of Occupational Titles does not differentiate between climbing of stairs versus ladders" and stated that there were many jobs existing that the Plaintiff was able to perform. Id. The ALJ went on to accept the vocational expert's testimony and that expert's conclusion that Plaintiff could perform the job of "cleaner."

Plaintiff contends that the ALJ committed reversible error by attempting to resolve the apparent conflict between Plaintiff's RFC and the climbing requirements for this occupation himself, rather than by questioning the vocational expert. See Doc. 7-1 at 11. Plaintiff further argues that remand is required because without the job of "cleaner," the ALJ's findings with respect to the number of jobs available to Plaintiff are suspect. Id. at 13-15.

In support of this argument, Plaintiff relies on Viverette v. Commissioner of Social Security, 13 F.4th 1309 (11th Cir. 2021). In Viverette, the Eleventh Circuit found remand was necessary where one of three jobs

6

Case 3:23-cv-00124-MR-WCM   Document 13   Filed 01/04/24   Page 6 of 10

relied upon by the ALJ conflicted with the plaintiff's RFC, the ALJ treated the number of jobs available for all three occupations cumulatively, and the job which the court found was "off the table" (due to the conflict) represented "over eighty percent of the jobs presented to the ALJ…." 13 F.4th at 1318. Plaintiff contends that this Court should follow Viverette and subsequent district court cases and find that remand is necessary here. Doc. 7-1 at 14-15 (citing Grech v. Kijakazi, No. 8:20-cv-1254-SPF, 2022 WL 485111 at *6 (M.D.Fl. Feb. 17, 2022) (remanding where only one job remained after court found apparent conflicts with other two jobs); Ledford v. Commissioner of Social Security, No. 8:20-cv-2516-JSM-SPF, 2022 WL 2195001, at *4 (M.D.Fl. June 1, 2022) (remanding where apparent conflict eliminated about 25 percent of the jobs available to plaintiff and explaining "because the undersigned finds that remand is appropriate as to another issue…the undersigned does not opine on what number of jobs would suffice to cross the line from insignificant to significant"); Cisneros v. Commissioner of Social Security, No. 2:20-cv-873-JLB-MRM, 2022 WL 354717 (M.D.Fl. Feb. 7, 2022) (remanding where there was no evidence that the ALJ considered the effect that omitting 53 percent of the available jobs would have on his finding that significant jobs existed for plaintiff)).

Other courts, however, have distinguished Viverette. See Carpenter v. Acting Commissioner of Social Security, No. 5:23-CV-00037-KDB, 2023 WL

7

Case 3:23-cv-00124-MR-WCM    Document 13    Filed 01/04/24    Page 7 of 10

7726706, at *5, n. 3 (W.D.N.C. Nov. 15, 2023) (finding Viverette distinguishable because the ALJ's decision in Carpenter "included a chart which identified each representative occupation and the number of jobs nationally for each" and the "ALJ expressly made a finding as to those numbers by finding that the [vocational expert] had reasonably accounted for any conflicts between the DOT and RFC in reaching those numbers and using them, in combination with factors such as the claimant's age, education, work experience, and RFC to conclude that Carpenter had other work available to him and so he was not disabled."); Denmark v. Kijakazi, No. 8:20-cv-2852-AEP, 2022 WL 831903, at *7 (M.D.Fl. March 21, 2022) ("The instant case is distinguishable from Viverette because the affected jobs at issue here constitute a small percentage of the jobs the ALJ found that Plaintiff could perform.").

Further, even assuming there is a conflict with regard to the occupation of "cleaner," the representative occupations of "kitchen helper" (for which the vocational expert testified there are 45,000 jobs nationally) and "hand packager" (for which the vocational expert testified there are 77,000 jobs nationally) remain available and, since Plaintiff "can perform at least one job that exists in significant numbers in the national economy, the ALJ properly concluded that Plaintiff is not disabled under the Act." Richardson v. Berryhill, 5:15-cv-173-RJC-DSC, 2019 WL 1354042, at * 4 (W.D.N.C. March 26, 2019);

see also McCall v. Saul, 844 F. App'x 680, 681 (4th Cir. 2021) (citing with approval cases holding that 25,000 and 11,000 jobs nationwide, respectively, were significant); Carpenter, 2023 WL 7726706, at *5, n. 3 ("In Viverette, the ALJ's error meant that there were only 7,000 jobs available nationally. '[C]ourts around the country have generally held that at least 10,000 positions in the national economy is a 'significant' number,' and so, it is no surprise that the Viverette court found that the ALJ's finding was not based on substantial evidence. Here, Plaintiff would be left with 134,000 jobs in the national economy, a clear distinguishing fact.") (internal citations omitted).

The undersigned will not recommend remand on this basis.

## VI. Recommendation

The undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 7) be **GRANTED**, and that the Commissioner's decision be **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Signed: January 4, 2024

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).